IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BALDWIN JR.** (#2015-0911053), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 6691 |
| | ) | |
| **THOMAS DART**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Cook County Department of Corrections ("County Jail") inmate Michael Baldwin ("Baldwin") has brought this pro se 42 U.S.C. § 1983 ("Section 1983") action against Cook County Sheriff Thomas Dart and several correctional officers, stemming from a May 13, 2016 incident in which another inmate allegedly threw feces, urine, spoiled milk, magic shave, bleach and pickle juice at him. Not only did those substances hit Baldwin, but he also may have ingested some of them: He says that following the incident his eyes began to burn, he had an asthma attack and he vomited. When officers made their rounds 30 minutes or so later he requested medical attention, and it was denied. Since that time he has experienced various physical conditions that he attributes to his contact with the substances.

In addition to Baldwin's use of the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983," he has tendered two other forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). In conformity with our Court of Appeals' teaching that the first order of business when a prisoner plaintiff seeks figuratively to enter the federal courthouse door but is

unable (as is true of Baldwin) to pay the full filing fee in advance, this opinion will first address the special provisions that 28 U.S.C. § 1915 ("Section 1915") have prescribed for that situation.

To begin with, Baldwin's submissions have not precisely identified the "filing" date of his action in accordance with the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988) -- although his Amended Complaint, the Motion and the Application all bear a June 10 date and the signature on the certification by a County Jail official at the end of the Application is dated June 13, his documents were not received in the Clerk's Office until June 24. But this Court has obtained from the County Jail and from Stateville Correctional Center, where Baldwin spent part of the six-month period immediately preceding his current submissions, all of the information necessary to make the calculation required by Section 1915(a)(2) and 1915(b)(1)(A).

This Court has done so, and it has determined that the average monthly deposits to Baldwin's trust fund account during the statutorily prescribed six-month time frame came to $86.67 under every reasonable view of the "mailbox rule" date, so that 20% of that average (again see Section 1915(b)(1)(A)) amounted to $17.33. Accordingly Baldwin is assessed an initial partial filing fee of $17.33, and the County Jail trust fund officer is ordered to collect that amount from Baldwin's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Baldwin may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited

to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Baldwin's name and the 16 C 6691 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

With that determination having been made, so that the Application is granted in the special form applicable to a prisoner plaintiff such as Baldwin, this opinion can turn to his Motion. In that respect he has shown a number of efforts to communicate with a well-known lawyer who regularly handles Section 1983 actions, and that showing (though Baldwin's efforts have proved unsuccessful) suffices to support the granting of the Motion. This Court so orders, and it has obtained the name of this member of the District Court trial bar to represent Baldwin in this action:

>Stephen L. Cleary, Esq.
>Cleary & Associates, Ltd.
>6832 West North Avenue, Suite 3C
>Chicago, Illinois  60707
>Phone:  773-637-7857
>Email:  lawyer@clearygroup.net .

Attorney Cleary's initial attention, in addition to his arranging for the service of process as directed later in this opinion, should be devoted to determining whether Baldwin has satisfied the requirement of 42 U.S.C. §1997e(a) that he must have exhausted all available administrative remedies before filing this action (see, e.g., <u>Ford v. Johnson,</u> 362 F.3d 395, 397 (7th Cir. 2004)). Although Amended Complaint ¶ IV concludes with Baldwin's assertion that "I exhuasted [sic] my remedies," that assertion is really not verifiable from the documents attached as exhibits to his pleading. This Court must await input from attorney Cleary to determine whether that precondition to suit has been met.

If attorney Cleary apprises this Court that such is the case, this Court will issue its customary initial scheduling order, and attorney Cleary will be expected to confer with Baldwin and to determine whether to proceed with Baldwin's self-prepared Amended Complaint or to file a lawyer-prepared Second Amended Complaint instead. At that time attorney Cleary should also arrange for the service of process by the Marshals Service or, if he prefers, should arrange for such service himself.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 6, 2016